

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00275-CV

———————————————

IN THE INTEREST OF W.J., A.J., AND J.J., CHILDREN

On Appeal from the 231st District Court
Tarrant County, Texas
Trial Court No. 231-673192-19

Before Sudderth, C.J.; Birdwell and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

In October 2019, the Texas Department of Family and Protective Services (Department) filed its petition to terminate the parent–child relationship between W.J. (Father) and M.B. (Mother) and their children W.A.J, A.J. and J.J.[1] After conducting a final hearing, the trial court found grounds to terminate Father's and Mother's parental rights under Family Code Section 161.001(b)(1). *See* Tex. Fam. Code Ann. § 161.001(b)(1). The trial court also found that the termination of Father's and Mother's parental rights was in the children's best interest. *See id.* § 161.001(b)(2). Based upon those findings, the trial court terminated Mother's and Father's parental rights and awarded permanent managing conservatorship of all children to the Department.[2] Father timely appealed from the trial court's order of termination.[3]

---

[1]As this is a parental-rights termination case, we use aliases to refer to the children and parents involved. *See* Tex. R. App. P. 9.8(b)(2) (requiring appellate courts to use aliases to refer to minors in parental-rights termination cases and, if necessary to protect the minors' identities, to also use aliases to refer to their parents); *see also* Tex. Fam. Code Ann. § 109.002(a). We refer to one child (W.A.J.) with three initials in order to avoid any possible confusion with the father in this case—W.J.

[2]The trial court also terminated Mother's parental rights to a fourth child, A.F. W.J is not the father of A.F. A.F.'s father voluntarily relinquished his parental rights to A.F.

[3]Mother did not appeal the trial court's termination of her parental rights.

On November 16, 2020, Father's appointed appellate counsel filed a brief asserting that Father's appeal is frivolous.[4] *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, no pet.) (holding that *Anders* procedures apply in parental-rights termination cases). The brief meets the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Although provided with the opportunity to obtain a copy of the appellate record and file a pro se response, Father has not done so. The Department of Family and Protective Services has declined to file a response.

When an *Anders* brief is filed, we must independently examine the appellate record to determine if any arguable grounds for appeal exist. *In re C.J.*, No. 02-18-00219-CV, 2018 WL 4496240, at *1 (Tex. App.—Fort Worth Sept. 20, 2018, no pet.) (mem. op.); *see also Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). We also consider the *Anders* brief itself and any pro se response. *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at *10 (Tex. App.—Fort Worth July 5, 2018, pet. denied)

---

[4]We note that counsel states that one possible arguable ground for review would be the sufficiency of the evidence to support the trial court's finding that termination of Father's parental rights is in the best interest of the children. However, counsel merely noted that Father's failure to appear at the hearing to offer testimony about his ability to care for the children left the trial court with limited options regarding termination and conservatorship before concluding that any appeal would be without merit and frivolous.

(mem. op.); *see In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed counsel's brief and the appellate record. Finding no reversible error, we agree with counsel that this appeal is without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Therefore, we affirm the trial court's order terminating Father's parental rights to W.A.J., A.J., and J.J.

In counsel's prayer for relief, he requested that he be allowed to withdraw from his representation of Father. Counsel did not file a motion to withdraw, and the record does not show good cause for withdrawal independent from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016); *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pet. denied). Accordingly, counsel remains appointed in this appeal through proceedings in the supreme court unless otherwise relieved from his duties for good cause in accordance with Family Code Section 107.016(3)(C). *See P.M.*, 520 S.W.3d at 27.

/s/ Dana Womack

Dana Womack
Justice

Delivered: January 7, 2021

4